**No. 19-80111**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

KENNETH J. MOSER,
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

*PLAINTIFF-RESPONDENT*

V,

HEALTH INSURANCE INNOVATIONS, INC.; NATIONAL
CONGRESS OF EMPLOYERS, INC.,

*DEFENDANTS-PETITIONERS*

---

On petition from the United States District Court for the
Southern District of California
No. 17-cv-1127-WQH-KSC

---

# ANSWER IN OPPOSITION TO RULE 23(f) PETITION FOR PERMISSION TO APPEAL
# BY KENNETH J. MOSER AND THE CLASS

---

Christopher J. Reichman
Prato & Reichman, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123

Justin Prato
Prato & Reichman, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123

Jeffrey B. Cereghino
Cereghino Law Group
101 Montgomery St. Suite 1800
San Francisco. CA 94104

Counsel for Respondent,
Kenneth J. Moser and the Class
Dated September 3, 2019

## TABLE OF CONTENTS

I. INTRODUCTION. . . . . . . . . . . 1

II. COUNTER STATEMENT OF QUESTIONS PRESENTED. . . 1

II. RULE 23(f) LEGAL STANDARD. . . . . . . . 2

III. PROCEDURAL AND FACTUAL HISTORY. . . . . . 3

IV. REASONS FOR DENYING THE PETITION. . . . . . 4

A. The Order Appealed Is Procedural and Does Not Reach Any Decision on the Merits of Whether *Bristol-Myers Squibb* Applies to Class Actions. . 4

B. The Order Appealed Is A Rule 23 Class Certification Motion, Not A Rule 12 Motion with A Proper Record Developed for Jurisdictional Issues. . 7

C. There Is A Question Whether Petitioner Is Even Entitled to A Rule 23(f) Petition or Not on This Issue. . . . . . . . 9

D. Procedural Mistakes and Other Procedural Issues Make This A Poor Case to Found a Bristol-Myers Squibb Precedent Upon. . . 10

E. Whether or not *Bristol-Myers Squibb* applies to class actions is irrelevant in this case currently. . . . . . . . 12

F. The District Court's decisions on the Rule 23 factors is correct. . . 13

IV. CONCLUSION. . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE. . . . . . . . . 15

## TABLE OF AUTHORITIES

*CASES*


*Bristol-Myers Squibb Co. v. Superior Court*,

137 S. Ct. 1773 (2017). . . . . . . . . 2-13

*Daimler AG v. Bauman*,

134 S.Ct. 746, 751 (2014). . . . . . . . 8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,

131 S. Ct. 2846 (2011). . . . . . . . . 8

*Johnson v. California*,

543 U.S. 499 (2005). . . . . . . . . 13

*Armstrong v. Davis*,

275 24 F.3d 849 (9th Cir. 2001). . . . . . . 13

*Bateman 22 v. Am. Multi-Cinema, Inc*.,

623 F.3d 708 (9th Cir. 2010). . . . . . . . 13

*Chamberlan v. Ford Motor Co*.,

402 F.3d 952, 959 (9th Cir. 2005). . . . . . 3,6,11,13,14

*Henderson v. United Student Aid Funds, Inc*.,

2019 WL 1302915 (9th Cir. 2019). . . . . . . 13

*Hunt v. Imperial Merchant Servs., Inc*.,

560 F.3d 1137, 1140 (9th Cir. 2009). . . . . . . 2

*Murray v. GMAC Mortg. Corp*.,

434 F.3d 948, 954 (7th Cir. 2006) . . . . . . 14

*Gordon v. Virtumundo*,

575 F.3d 1040 (9th Cir. 2009). . . . . . . . 14

*Al Haj v. Pfizer Inc*.,

338 F.Supp.3d 815 (N.D. Ill. 2018). . . . . . . 12

*Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prods., Inc.*,
2018 WL 1377608 (E.D. La. 2018) . . . . . . 12

*Chernus v. Logitech, Inc.*,
2018 WL 1981481 (D.N.J. Apr. 27, 2018). . . . . . 11

*Fabricant v. Fast Advance Funding*, LLC,
2018 WL 6920667 (C.D. Cal. 2018). . . . . . . 11

*Feller v. Transam. Life Ins. Co.*,
2017 WL 6496803 (C.D. Cal. 2017). . . . . . . 12

*Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*,
2017 WL 4224723 (N.D. Cal. 2017). . . . . . . 12

*Gasser v. Kiss My Face, LLC,*
2018 WL 4538729 (N.D. Cal. 2018). . . . . . . 11

*In re Chinese-Manufactured Drywall Prods. Liab. Litig.*,
2017 WL 5971622 (E.D. La. 2017). . . . . . . 12

*Matic v. U.S. Nutrition, Inc.*,
2019 WL 3084335 (C.D. Cal. 2019). . . . . . . 11

*Molock v. Whole Foods Mkt., Inc.*,
297 F.Supp.3d 114 (D.D.C. 2018). . . . . . . 12

*Robinson v. Unilever U.S., Inc.*,
2018 WL 6136139 (C.D. Cal. 2018). . . . . . . 11

*Sanchez v. Launch Tech. Workforce Sols., LLC,*
297 F.Supp.3d 1360, 1365 (N.D. Ga. 2018). . . . . . 12

*STATUTES/RULES*

28 U.S.C. section 1294(b). . . . . . . . . 6,9

Federal Rule of Civil Procedure 23. . . . . . . 1,2,7,9,13,12

Federal Rule of Civil Procedure 12. . . . . . . . 1,3,4,5

# I. INTRODUCTION

Plaintiff-Respondent, Kenneth Moser ("Respondent") hereby files this Answer in Opposition to the Defendant-Petitioners, Health Insurance Innovations ("HII") and National Congress of Employers (collectively "Petitioners") Petition for Review. Respondent contends that none of the arguments raised by Petitioners rise to the level requiring review as the fact bound decision of the district court on the Petitioner's waiver of personal jurisdiction makes this case unsuitable for a proper *Bristol-Myers Squibb* analysis, and therefore respectfully request that the Court of Appeals deny the Petition.

# II. COUNTER STATEMENT OF QUESTIONS PRESENTED

The statement of questions presented in the Petition is incomplete and therefore problematic. Respondent answers as possible below:

<u>Question No. 1:</u>

Whether a defendant waives his right to challenge personal jurisdiction over unnamed class members' claims by not asserting lack of personal jurisdiction in a motion to dismiss before class certification?

<u>Answer:</u>

Yes, though the question is irrelevant here because a non-jurisdictional Rule 23 Class Certification Motion is not a proper Rule 12 jurisdictional motion.

Question 2:

Whether *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) (“*Bristol-Myers Squibb”),* applies to class actions in federal court?

Answer:

Irrelevant. The order appealed never reached the merits of this question.

Question No. 3

Whether the district court properly certified the two nationwide classes under Rule 23?

Answer:

Yes.

## II. RULE 23(f) LEGAL STANDARD

“Class certification orders generally are not immediately appealable.” *Hunt v. Imperial Merchant Servs., Inc*., 560 F.3d 1137, 1140 (9th Cir. 2009) (quotation marks and citation omitted). The Court has, “discretion to permit interlocutory appeals of class certification orders under Rule 23(f).” Id. This Court has adopted the ‘Core-Committee’ factors on when to permit such appeals:

> “Review of class certification decisions will be most appropriate when: (1) there is a death-knell situation for either the plaintiff or defendant that is independent of the merits of the underlying claims, coupled with a class certification decision by the district court that is questionable; (2) the certification decision presents an unsettled and

> fundamental issue of law relating to class actions, important both to the specific litigation and generally, that is likely to evade end-of-the-case review; or (3) the district court's class certification decision is manifestly erroneous." *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005) ("*Chamberlan*").

However, this Court normally reviews Rule 12 jurisdictional orders only pursuant to 28 United States Code section 1292(b), which requires obtaining prior permission from the district judge, which has not been requested or granted here.

## III. PROCEDURAL AND FACTUAL HISTORY

Petitioner did file Rule 12 motions to dismiss and strike allegations on July 21, 2107 [Dckt. No. 21]. Though the motion was filed a month after the highly publicized decision in *Bristol-Myers Squibb*, no mention was made of the case. Petitioner filed a reply brief in its Rule 12 motions on August 21, 2017. [Dckt. No. 35]. This reply brief, filed two months after *Bristol-Myers Squibb*, also failed to mention the case. None of the other Rule 12 motions filed by the other Defendants raised a *Bristol-Myers Squibb* issue or mentioned the case. The motions remained pending for four months until an order issued on January 8, 2019, and during this long pendency none of the Defendants filed a notice of new authority regarding *Bristol-Myers Squibb* nor mentioned it in any way. [Dckt. No. 45].

After losing its Rule 12 challenge, again Petitioner did not raise a personal jurisdiction affirmative defense nor cite *Bristol-Myers Squibb* in its Answer. Neither did any other Defendant.

The first time Petitioner referenced *Bristol-Myers Squibb* was in a **one-page** section in opposition to Plaintiff's class certification motion. [Dckt. No. 117, p. 2, ln 18-28, p. 3, ln. 1-9]. Petitioner never raised its *Bristol-Myers Squibb* issue in any jurisdictional motion, nor even in its own motion to de-certify the class. The single page of argument in an opposition to a non-jurisdictional Rule 23 motion is the sole extent of Petitioner's argument on the issue and there was never any evidentiary foundation laid for it.

The Petition does not claim any good cause to delay filing a jurisdictional motion or reason to be excused from tardy filing. Notably the geographical scope of the class never changed at any point during the proceeding.

## IV. REASONS FOR DENYING THE PETITION

### A. The District Court's Fact Bound Decision that the Petitioner Waived Its Personal-Jurisdiction Argument Does Not Justify Review.

The district court's order not surprisingly focused substantially on Rule 23 factors. As to *Bristol-Meyers Squibb* the district court found, that Petitioner had waived its claim to a *Bristol-Myers Squibb* jurisdictional attack by failing to raise

the argument in its Rule 12 jurisdictional motions. [Order, p. 8]. That conclusion accords with the settled rule—consistent across the circuits—that Rule 12(h)(1) requires a defendant to raise an argument based on lack of personal jurisdiction in its first Rule 12 motion or a responsive pleading. As the district court explained, when Petitioner filed its Rule 12 motion, it could have raised a personal-jurisdiction argument—*Bristol-Myers Squibb* was decided more than a month earlier. Yet Petitioner chose to forego that claim. The district court thus correctly decided that, although the defense was available, it had been waived.

Given the fact bound and procedural nature of the district court's decision, it never reached the merits of the *Bristol-Myers Squibb* jurisdictional argument. Nor did the decision reach any legal conclusion on whether an argument that *Bristol-Myers Squibb* prohibits a federal court from exercising jurisdiction over the claims of out-of-state absent class members can be advanced after certification where it was properly raised at the time for a responsive pleading or motion. Instead, the district court's decision reached one, and only one, conclusion—that the Petitioner here, by failing to raise a jurisdictional argument at the pleading stage, waived its right to press that same argument later. There is nothing about that conclusion that warrants this Court's review.

///

Nor is it true that Petitioner was denied (or otherwise deprived of) any opportunity to raise this jurisdictional issue at the pleading stage.[1] As the Petition itself notes, Petitioner raised the class-certification issue of allegedly "fail safe" definitions in its motion to dismiss and was told that issue was unripe. Petitioner could have at the same time it raised the fail-safe issue notified the Court of its intention to raise the *Bristol-Myers Squibb* issue, which they did not. Had Petitioner taken this opportunity, it could then have avoided any later waiver problems and could have proceeded to attempt an interlocutory appeal pursuant to 28 U.S.C. section 1294(b), which is the proper way to appeal a jurisdictional ruling. Indeed, the Petition cites to a number of cases wherein prudent Defendants raised the *Bristol-Myers Squibb* argument in a timely motion to dismiss and thereby eliminate problems with waiver.

This is also not a "death-knell" issue because the death knell was passed during the motion to dismiss phase some two years ago. The *Bristol-Myers Squibb* issue could have been timely brought but Defendants passed on the opportunity. *Chamberlan, supra*. Petitioner here is no worse off now in terms of having to follow the final judgment rule than it was when *Bristol-Myers Squibb* was not raised during a motion to dismiss.

[1] In addition to filing the initial motion brief a month after *Bristol-Myers Squibb*, Petitioner could have raised it in Reply briefing two months after *Bristol-Myers Squibb* or by filing a notice of authority any time before a decision was issued approximately six months after *Bristol-Myers Squibb*. [Dckt. No.'s 21, 35, 45].

Ultimately, this petition fails to satisfy this Court's criteria for review. It does not present "an unsettled and fundamental issue of law relating to class actions, important both to the specific litigation and generally" because the district court's order applied settled law to hold that, under the specific facts here, the issue was waived. And, given the fact bound nature of this issue, it is unlikely to recur in other cases. Unlike those cases cited in the Petition where the issue was timely raised, here it was not. Respondent respectfully requests that the Petition be denied.

B. The Order Appealed Is A Rule 23 Class Certification Motion, Not A Rule 12 Motion with A Proper Record Developed for Jurisdictional Issues

The *Bristol-Myers Squibb* timing/waiver issue is but a tiny part of a class certification motion that overwhelmingly focused on Rule 23 factors. The record for this motion is bereft of any jurisdictional fact foundation or briefing thereon and only contains one page of cursory briefing from each side. The *Bristol-Myers Squibb* argument was, in essence, a tiny and tardy sideshow to the main focus of the motion for class certification. As *Bristol-Myers Squibb* was not argued in any actual motion to dismiss, there is little briefing and no record relevant to this jurisdictional issue.

For example, while the Petition claims that general jurisdiction is undisputed, that is incorrect. The only fact in the record as to general jurisdiction is the Complaint allegation regarding the state of incorporation. This is but one of many factors that would have been relevant to a jurisdictional issue. *Daimler AG v. Bauman*,134 S.Ct. 746, 751 (2014) ("*Daimler*"), *quoting*, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (internal quotation marks and alteration omitted). As the Supreme Court said in *Daimler*, "*Goodyear* did not hold that a corporation may be subject to general jurisdiction ***only*** in a forum where it is incorporated or has its principal place of business; it simply typed those places paradigm all-purpose forums." *Id*., at 760 (emphasis in original). Other facts speak to general jurisdiction.

In the present case, there are a number of facts which could counsel in favor of general jurisdiction. For example, Petitioner Health Insurance Innovations voluntary decision to apply for and continuously maintain a license to operate in the state as a Health Insurance Administrator, subjecting it to the plenary jurisdiction of the California Insurance Commissioner. Also, in 2015 the Petitioner acquired Agile Health Insurance to sell its non-Affordable Care Act complaint health plans—the subject of this case—headquartered in Mountain View, California. But *neither of these facts are actually in the record* for the proposed appeal because Petitioner never actually filed a jurisdictional motion

solely focused on personal jurisdiction, Thus, general jurisdiction is not "undisputed", it just was never fully brought into dispute or briefed.

This is just an example of the complications created by the manner in which the issue was raised. The lack of any jurisdictional record to realistically review here and lack of significant briefing or analysis will make reaching a decision on the merits of this issue challenging since so much necessary evidence is missing.

C. There Is A Question Whether Petitioner Is Even Entitled to A Rule 23(f) Petition or Not on This Issue

A ruling would have issued based on a complete record if Petitioner had filed a timely Rule 12 motion on personal jurisdiction raising the *Bristol-Myers Squibb* argument. An appeal to a timely motion to dismiss order, however, would have had to request permission of the district court and follow the normal procedure for interlocutory appeal in 28 U.S.C. 1294(b). In fact, this is true of any motion concerning lack of jurisdiction regardless of timeliness.

However, no motion for lack of personal jurisdiction raising the *Bristol-Myers Squibb* issue was ever filed. Petitioner chose to delay raising the *Bristol-Myers Squibb* issue here until the opposition brief to a class certification motion. If The *Bristol-Myers Squibb* argument had been raised in the standard way by filing a Rule 12 motion the more permissive appeal petition process under Rule 23(f)

would not have been applicable. Jurisdiction is not part of the enumerated factors to by analyzed in Rule 23. There is a real question as to whether the Petition is proper for review of a jurisdictional issue in a Rule 23(f) petition. Under these circumstances, we respectfully submit that the Court of Appeals should deny the petition.

D. Procedural Mistakes and Other Procedural Issues Make This A Poor Case to Found a *Bristol-Myers Squibb* Precedent Upon

The fact that the ruling in the Order below is entirely procedural combined with the delay in filing a motion to dismiss, the failure to file a proper jurisdictional motion and lay an appropriate record have created a poor candidate for review. These procedural issues predominate over any decision concerning applicability of *Bristol-Myers Squibb,* leading to more debatable uncertainty not less.

The Petition's first question of timing for a *Bristol-Myers Squibb* argument is not one of wide application. The Petition has cited to no other cases wherein the defense failed to raise the *Bristol-Myers Squibb* issue in a timely motion to dismiss. The Petition has cited to a number of cases wherein the defense in those cases raised the *Bristol-Myers Squibb* issue in a timely manner and the district court in those cases decided to delay resolution until after certification. *E.g., Matic*

*v. U.S. Nutrition, Inc*., 2019 WL 3084335, at *10 (C.D. Cal. 2019); *Gasser v. Kiss My Face, LLC*, 2018 WL 4538729, at *2 (N.D. Cal. 2018); *Robinson v. Unilever U.S., Inc*., 2018 WL 6136139, at *3 (C.D. Cal. 2018); *Fabricant v. Fast Advance Funding*, LLC, 2018 WL 6920667, at *5 (C.D. Cal. 2018); *Chernus v. Logitech, Inc*., 2018 WL 1981481, at *8 (D.N.J. 2018). These cases show a sound application of the district court's discretion to delay resolution of a timely raised issue, not a timing problem in need of resolution. The real question presented here is the timeliness of raising the *Bristol-Myers Squibb* issue. The only real application of a timing rule decision would solely impact Petitioner, since its case is the only case wherein the timing is problematic. This is hardly an "unsettled and fundamental issue of law relating to class actions, important both to the specific litigation and generally". *Chamberlan*, supra.

A decision reaching the merits of the *Bristol-Myers Squibb* argument would necessarily have to overlook the lack of record as to jurisdictional facts in this case and that no jurisdictional motion on that issue was ever filed. Such a merits decision would affect a great number of parties and likely lead to substantial amicus interest and is not unlikely to be subject to further review. Further review could easily find that the one or more of the procedural problems are predominant and preempt reaching a decision on the merits. Thus, even if a decision on an "unsettled and fundamental issue of law" could issue, it may very well not survive

because of the procedural nature of the ruling below, and therefore the Court of Appeals should deny the petition.

E. Whether or not *Bristol-Myers Squibb* applies to class actions is irrelevant in this case currently.

As stated above, due to Petitioner's failure to timely raise the *Bristol-Myers Squibb* argument, the real question on appeal is solely about a procedural question related solely to the Petitioner. The merits of *Bristol-Myers Squibb* were not reached by the District Court and as mentioned above, and the record is not complete concerning that issue. Therefore, the applicability of *Bristol-Myers Squibb* is not really at issue in this appeal. For the record, however, Respondent agrees with the very well-reasoned opinion of the Honorable district court judge Gary Feinerman, in *Al Haj v. Pfizer Inc.*, 338 F.Supp.3d 815 (N.D. Ill. 2018) and the vast majority of his brethren who have held that *Bristol-Myers Squibb* does not apply to class action lawsuits[2]. For these reasons the Court of Appeal should deny the Petitioner's request.

---

[2] *See, Molock v. Whole Foods Mkt., Inc*., 297 F.Supp.3d 114, 127 (D.D.C. 2018); *Sanchez v. Launch Tech. Workforce Sols.*, LLC, 297 F.Supp.3d 1360, 1365 (N.D. Ga. 2018); *Feller v. Transam. Life Ins. Co*., 2017 WL 6496803, at *17 (C.D. Cal. 2017); *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2017 WL 5971622, at *14 (E.D. La. 2017); *Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prods., Inc*., 2018 WL 1377608, at *5 (E.D. La. 2018)); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc*., 2017 WL 4224723, at *5 (N.D. Cal. 2017); among others.

F. The District Court's decisions on the Rule 23 factors is correct.

Beyond the *Bristol-Myers Squibb* issue the Petition also lightly raises a request for the Court of Appeals to review the decision of the District Court on the Rule 23 factors. However, the Petition states that "if" review is granted than the Rule 23 factors "should also" be reviewed inferring that the Rule 23 factors should be reviewed only if the *Bristol-Myers Squibb* issue is accepted. This is because it is clear that the District Court's decision on the Rule 23 factors is proper and does not meet the standards under *Chamberlan* given the broad discretion of the district court on standard Rule 23 factor analysis. *See, e.g., Bateman 22 v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010); *Armstrong v. Davis*, 275 24 F.3d 849, 871 n.28 (9th Cir. 2001), *abrogated on other grounds by*, *Johnson v. California*, 543 U.S. 499 (2005). In this case the District Court properly analyzed the Rule 23 factors and properly certified a class and its discretion should not be overturned.

The Petition argues that the class may lack commonality and predominance as to the issues with how the calls were made. However, the Order properly addressed this issue as part of agency, and properly determined that the agency determinations would apply to broad numbers of class members. This position is clearly supported by this Court's recent agency ruling, *Henderson v. United*

*Student Aid Funds, Inc*., 2019 WL 1302915 (9th Cir. 2019). Nothing argued in the Petition concerning commonality and predominance rises to the level for review under *Chamberlan.*

As to typicality and adequacy the Petition simply rehashes the same professional plaintiff argument that was raised and rejected by the district court on solid legal grounds. *See, Murray v. GMAC Mortg. Corp*., 434 F.3d 948, 954 (7th Cir. 2006); *Gordon v. Virtumundo*, 575 F.3d 1040 (2009). As above, these arguments does not raise potential issues significant enough to meet *Chamberlan,* and we respectfully submit that the Petition should be denied.

## IV. CONCLUSION

For all of the above reasons, we respectfully submit that the Court of Appeals should deny the Petition for Review.

Respectfully submitted,

/s/ Christopher J. Reichman

Christopher J. Reichman, Esq
Justin Prato Esq
Prato & Reichman, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123

Jeffrey B. Cereghino
Cereghino Law Group
101 Montgomery St. Suite 1800
San Francisco. CA 94104

Counsels for Plaintiff-Respondent,
Kenneth J. Moser and the Class

CERTIFICATE OF COMPLIANCE

I hereby certify that this petition complies with the requirements of Circuit Rule 5-2(b) because it contains 3977 words, 438 lines, and is less than twenty pages exclusive of the caption, table of contents, table of authorities, and certifications per Circuit Rule 32-3.

Date: September 3, 2019

/s/ Justin Prato Esq.
Justin Prato Esq.
Counsels for Plaintiff-Respondent,
Kenneth J. Moser and the Class